**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**MICHAEL ASAMOAH,**

        **Plaintiff,**

  **v.**                               **Civil Action 2:19-cv-5292**
                                    **Judge Sarah D. Morrison**
                                    **Magistrate Judge Jolson**

**CAPSTONE LOGISTICS, LLC, et al.,**

        **Defendants.**


**MICHAEL ASAMOAH,**

        **Plaintiff,**

  **v.**                               **Civil Action 2:19-cv-5507**
                                    **Judge Sarah D. Morrison**
                                    **Magistrate Judge Jolson**

**THE SYGMA NETWORK, INC.,**

        **Defendant.**

## <u>ORDER AND REPORT AND RECOMMENDATION</u>

This matter is before the Court on Defendants The Sygma Network, Inc.'s and Sysco

Corporation's (the "Sygma Defendants") Motion to Dismiss or to Compel Discovery and for

Sanctions (Doc. 76), Plaintiff's Second Motion to Compel Production of Documents (Doc. 77),

and Plaintiff's Motions to Compel Payment of Expenses (Docs. 78, 79). For the reasons that

follow, it is **RECOMMENDED** that the Sygma Defendants' Motion to Dismiss or to Compel

Discovery and for Sanctions (Doc. 76) be **GRANTED in part and DENIED in part**.

Specifically, it is **RECOMMENDED** that the Court: **DENY without prejudice** the Sygma

Defendants' request for this case to be dismissed as a sanction for Plaintiff's conduct in discovery;

**SANCTION** Plaintiff for his conduct in discovery and award the Sygma Defendants' attorneys'

fees; and **GRANT** the Sygma Defendants' request to compel discovery and award them attorneys' fees and costs related to their Motion to Compel. If the Court adopts this recommendation, it is further **RECOMMENDED** that the Sygma Defendants be permitted to file a renewed motion to dismiss if Plaintiff does not comply with the Court's ruling compelling him to participate in discovery.

Further, Plaintiff's Second Motion to Compel Production of Documents (Doc. 77), and Plaintiff's Motions to Compel Payment of Expenses (Docs. 78, 79) are **DENIED**.

## I. BACKGROUND

The parties have had difficulty litigating this case. In most cases before the Court, discovery disputes are often a product of both sides being unwilling to compromise, unable to communicate, or some combination of the two. This is not one of those cases. Instead, this is a case in which one party bears responsibility for the numerous disputes this Court has been required to resolve. The Court has repeatedly reminded Plaintiff of his obligation to litigate this case in good faith and to refrain from contumacious conduct. Plaintiff has failed to comply with the Court's guidance as a summary of this case below illustrates.

During the course of this litigation, Plaintiff has filed numerous discovery-related motions. (Docs. 30, 33, 34, 36, 38, 39, 41–43, 45, 47). And the Court has repeatedly denied those motions without prejudice based on Plaintiff's failure to comply with the Local Rules and this Court's prior orders. (*See* Docs. 40, 46, 48). In an attempt to address Plaintiff's concerns regarding discovery, the Court set a telephonic status conference with the parties for May 12, 2020. Although the Court informed Plaintiff of the conference by regular mail and email, he did not appear. (*See* Doc. 46 at 1). The Court, therefore, ordered the parties:

> to meet and confer regarding discovery and submit a joint status report to the Court updating it on the status of any remaining disputes. Discovery requires mutual

cooperation and respect, and the Court expects the parties to meet and confer in good faith. This, in turn, requires the parties to communicate in a civil fashion and promptly respond one another's efforts to meet and confer.

(*Id.* at 2).

Despite the Court's Order, and the Court's repeated instructions to comply with the Local Rules and its prior orders, Plaintiff filed additional discovery-related motions, (Docs. 45, 47). On May 19, 2020, Plaintiff emailed the Court *ex parte* to inform it that Defendants had allegedly failed to meet a number of Court-imposed deadlines concerning certain discovery motions.

Defendants' May 26, 2020 Status Report (Doc. 51) concerned the Court. In it, Defendants represented that "Plaintiff did not comply with the Court's Order that the parties meet and confer regarding any outstanding discovery disputes." (Doc. 56 at 2 (citing Doc 51. at 5)). Because it was unclear to the Court what attempts Defendants made to communicate with Plaintiff, it ordered the parties "to meet and confer and file a joint status report with the Court regarding the status of discovery and any outstanding disputes regarding the same" on or before June 5, 2020. (Doc. 56 at 2). Recognizing Plaintiff's prior instances of ignoring the Court's orders, the Court instructed Defendants to "detail their efforts to communicate with Plaintiff" if he "does not participate in the meet and conferral process." (*Id.*).

Continuing, the Court provided additional guidance to the parties:

Plaintiff is ORDERED not to file discovery-related motions before complying with the Local Rules and the Court's prior orders. Plaintiff has previously ignored this Court's guidance. If Plaintiff continues to ignore the Local Rules and the Court's prior orders, the Court will consider imposing sanctions, including, but not limited to, restricting Plaintiff's filing privileges.

(*Id.* at 2–3).

Plaintiff again failed to comply with this Court's order. Defendants filed a Status Report on June 5, 2020, detailing their efforts to meet and confer with Plaintiff and Plaintiff's failure to respond to the same. (Doc. 58).

The Court issued the following Order to address Plaintiff's failure to comply with its orders:

> Plaintiff's contumacious behavior in this matter appears to demonstrate a pattern of bad faith, rather than a series of isolated, unintentional mistakes. That behavior has burdened Defendants and the Court and will not be further tolerated. On or before June 16, 2020, Plaintiff is **ORDERED** to meet and confer with Defendants regarding discovery, and the parties are directed to file a joint status conference regarding the status of discovery. **If Plaintiff does not comply with this Order, the Undersigned will recommend that this case be dismissed for want of prosecution and as a sanction for Plaintiff's contumacious behavior in discovery**.

(Doc. 59).

Plaintiff did not comply with the Court's June 9, 2020 Order. (*See generally* Doc. 60). The Court, therefore, ordered Plaintiff to file a response accompanied by a sworn affidavit or declaration providing good cause for his conduct in this matter. (Doc. 62). Again, the Court warned, that, if he failed to comply, the Undersigned would recommend that this case be dismissed for want of prosecution and as a sanction for his contumacious behavior in discovery. (*Id.*). In response, Plaintiff represented that he had complied with all of the Court's orders and that it was Defendants who had acted in bad faith. (*See generally* Doc. 63).

Defendants subsequently took Plaintiff's deposition. The deposition did not go smoothly. After informing Defendants that he had attended law school and that he has passed the Ohio bar, Plaintiff refused to answer a series of routine background questions that are asked of a deponent at almost every deposition. During the deposition, the Court held a telephonic conference with the parties and instructed Plaintiff that, while he was free to object on the record, he was still required

to answer those routine background questions.  Despite those clear instructions, the parties called back a short time later and indicated Plaintiff was still refusing to answer certain questions.  Again, the Court was required to instruct Plaintiff to answer the questions at issue.

Following the deposition, the Court held a telephonic conference with the parties to discuss any outstanding discovery disputes.  The Court ordered Plaintiff to respond to any of Defendants' outstanding discovery requests and to meet and confer with Defendants regarding any outstanding discovery disputes on or before July 28, 2020.  (Doc. 72 at 1).  Further, the Court ordered the parties to file a joint status report regarding the status of discovery on or before that same date. (*Id.*).  It concluded:

> [I]f Plaintiff does not fulfill his discovery obligations over the next week, including meeting and conferring in good faith, Defendants are free to file a motion to compel and motion for sanctions.  As the Court emphasized during the telephonic conference, and as it has repeatedly explained throughout this case, Plaintiff is required to participate in discovery in good faith.  Plaintiff is, again, cautioned that, if he fails to comply with this requirement, the Court will sanction him accordingly, including recommending dismissal of this case.

(*Id.* at 1–2).

Not surprisingly, Plaintiff did not comply.  Instead, he filed a status report for himself in which he represented that Defendants were unwilling to meet and confer with him.  (*See generally* Doc. 74).  If that were true, the Court would have no problem assigning blame to Defendants.  But Defendants have provided the actual communications they exchanged with Plaintiff, and those emails tell a different story.  (*See* Doc. 75-1).  On July 26, 2020, Plaintiff offered to meet and confer with Defendants.  (*Id.* at 2–3).  Defendants promptly responded that same day, provided dates and time when they were free to confer, and requested that Plaintiff provide them any outstanding discovery prior to their meet and confer.  (*Id.* at 2).  Plaintiff did not respond to Defendants' email, so they followed up on the afternoon of July 27, again requesting to meet and

confer. (*Id.* at 4; *see also id.* at 7). Plaintiff responded to Defendants' email late that night, stating that he was not able to open the email's attachment and ignoring Defendants' request to meet and confer. (*Id.* at 9). The next day, July 28, was the deadline for Plaintiff to produce the outstanding discovery he was responsible for and for the parties to meet and confer. That morning, Defendants emailed Plaintiff again and requested the outstanding discovery and an opportunity to meet and confer. (*Id.*). Again, Plaintiff did not respond. (*See generally* Doc. 75-1).

The Sygma Defendants subsequently filed their Motion to Dismiss or to Compel Discovery and for Sanctions (Doc. 76), and Plaintiff filed his Second Motion to Compel Production of Documents (Doc. 77) and his Motions to Compel Payment of Expenses (Docs. 78, 79). Plaintiff did not file replies in support of his Motions to Compel. Recently, Defendants filed a Joint Motion for Summary Judgment (Doc. 85). Except for the Joint Motion for Summary Judgment, the Motions are fully briefed and ripe for resolution.

## II.    THE SYGMA DEFENDANTS' MOTION

The Sygma Defendants move to dismiss Plaintiff's complaint with prejudice based on his consistent bad faith conduct and his refusal to participate in discovery. Alternatively, they request that the Court order Plaintiff to produce the outstanding discovery to which they are entitled and to sanction him by compelling him to pay their attorneys' fees incurred as a result of his misconduct. The Undersigned addresses each request in turn.

### A.  Motion to Dismiss

Four factors are to be considered in determining whether dismissal is an appropriate sanction for failure to comply with a discovery obligation or other court order:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Mager v. Wisconsin Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (citation omitted). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct. . . . Contumacious conduct refers to behavior that is perverse in resisting authority and stubbornly disobedient." *Id.* (citations and quotations omitted).

First, the Undersigned has little trouble finding that Plaintiff's failure to comply with the Court's orders and to participate in discovery in good faith is due to bad faith. According to Plaintiff, he attended law school and is familiar with how the litigation process, including discovery, works. Despite this familiarity, as the Background section above makes clear, he has repeatedly failed to comply with the Court's orders and refused to work in good faith with Defendants. Further, the Court has repeatedly warned Plaintiff of the possibility of sanctions, including dismissal, if his misconduct continued. But Plaintiff has continually ignored those warnings. Most significantly, this is not a case in which a *pro se* plaintiff made a one-off mistake by missing a deadline or failing to comply with the Local Rules. To the contrary, Plaintiff's behavior demonstrates an intentional pattern of delaying and frustrating the litigation of this case to harass Defendants.

Second, Plaintiff's misconduct has prejudiced Defendants. Despite their good faith efforts to obtain discovery, they have been unable to do so because Plaintiff has consistently refused to respond to their discovery requests and their requests to meet and confer regarding the same. As the docket in this case illustrates, Defendants have repeatedly been required to respond to frivolous motions regarding discovery and to file status reports regarding their unsuccessful efforts to meet and confer with Plaintiff. The prejudice here is clear.

Third, time and again, the Court has warned Plaintiff about the possibility of sanctions, including dismissal of this case, if he did not comply with its order.  (*See, e.g.*, Docs. 59, 62, 72). Plaintiff cannot claim a lack of notice here.

Finally, the Undersigned is required to explain "whether less drastic sanctions were imposed or considered before dismissal was ordered."  *Mager*, 924 F.3d at 837.  This factor is Plaintiff's saving grace for now.  Although the Undersigned believes a recommendation of dismissal based on the record described above would be justified, she **RECOMMENDS** that the Court sanction Plaintiff and require him to pay Defendants' attorneys' fees caused by his failure to comply with the Court's orders.  *See* Fed. R. Civ. P. 37(b)(2)(C) ("Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").  As a result, it is **RECOMMENDED** that Defendants' Motion to Dismiss be **DENIED without prejudice**.  Further, it is **RECOMMENDED** that, if Plaintiff does not comply with the Court's ruling on Defendants' Motion to Compel below, that Defendants be permitted to file a renewed motion to dismiss.

### B.  Motion to Compel Discovery and for Sanctions

"Determining the proper scope of discovery falls within the broad discretion of the trial court."  *Gruenbaum v. Werner Enter., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citing *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)).  According to Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "On notice to other

parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

A review of Plaintiff's discovery responses makes clear that he has not complied with his discovery obligations under Rule 26. (*See generally* Docs. 76-1, 76-2). In response to some requests, he represents that there are no responsive documents. (*See* Doc. 76-1 at 2–3). If Plaintiff has no responsive documents to those requests, that is a legitimate basis for not producing anything in response. But, at the same time he represents he has no responsive documents, he also objects that it would be unduly burdensome and expensive for him to search for responsive documents due to the COVID-19 pandemic. (*See id.*). The Court is left with a question: Did Plaintiff actually search for responsive documents and find no responsive documents, or has he not produced any responsive documents because he has not searched for any documents at all? The Sygma Defendants offer an answer: "Rather than participate in discovery, Plaintiff openly admitted at his deposition that he had made no effort to look for any such documents. This admission is particularly troubling given that Plaintiff previously signed responses claiming that no documents exist." (Doc. 76 at 3).

Plaintiff's remaining responses are equally concerning. He objects to a number of Defendants' requests as irrelevant, unduly burdensome, "an unwarranted invasion of … [his] personal privacy." (Doc. 76-1 at 3–5; *see also* Doc. 76-2 (objecting to Defendants' interrogatories on similar grounds)). Plaintiff further objected that he could not respond because he had not collected all of the evidence he intended to use to support his case. (Doc. 76-1 at 4–5). But Plaintiff does nothing to develop any of these objections in response to Defendants' request to compel Plaintiff's responses. (*See* Doc. 80 at 5 (asserting, without evidence, that "Defendants have all the documents pertaining to Plaintiff")). Although Plaintiff is proceeding *pro se*, the Court

cannot develop these objections for him.  Because Plaintiff offers no argument or evidence to support his objections, and because Defendants' requests otherwise comply with the applicable Rules, it is recommended that the Sygma Defendants' Motion to Compel be **GRANTED**.  And because Plaintiff has not demonstrated that his failure to comply was substantially justified or that an award of expenses is unjust, it is **RECOMMENDED** that the Court award the Sygma Defendants attorneys' fees and costs in bringing their Motion to Compel.  *See* Fed. R. Civ. P. 37(a)(5)(A).

### III.   PLAINTIFF'S SECOND MOTION TO COMPEL AND MOTIONS FOR PAYMENT OF EXPENSES

Plaintiff moves to compel Defendants Capstone Logistics, LLC and Progressive Logistics Services to respond to his discovery requests and to produce the requested documents.  (*See generally* Doc. 77).[1]  Further, he requests that all Defendants compensate him for the time he has been forced to spend trying to obtain discovery from them.  (*See generally* Docs. 78, 79).

Plaintiff's Motions do not support his requests for relief.  First, as discussed above, Plaintiff failed to meet and confer with Defendants regarding his concerns about discovery before filing his Motion to Compel.  Although Defendants repeatedly contacted Plaintiff to arrange a meet and confer, Plaintiff ignored their requests.  He violated the Local Rules as a result.  *See* S.D. Ohio Civ. R. 37.1 ("Objections, motions, applications, and requests relating to discovery shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences.").

Second, even if Plaintiff's Motion to Compel had been filed consistent with the Local Rules, Plaintiff offers nothing more than conclusory assertions that he is entitled to the discovery

---

[1] He appears to make the same request with respect to the Sygma Defendants in his Motion to Compel Payment of Expenses (Doc. 79).

that he seeks.  (*See* Doc. 77 at 4–5).  Because he makes no effort to explain why he is entitled to the discovery in question or why Defendants' objections are improper, the Court cannot grant his Motion to Compel.

Third, Plaintiff has not attached the relevant discovery requests and responses to his Motion to Compel.  The only parties to attach some of the relevant discovery requests and responses are the Sygma Defendants.  (*See* Docs. 82-1–82-7).  And, on their face, the Sygma Defendants' responses and objections appear to comply with the Federal Rules.

In sum, Plaintiff's Motion to Compel is without merit, and his Motions to Compel Payment of Expenses are denied for the same reason.

## IV.    CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the Sygma Defendants' Motion to Dismiss or to Compel Discovery and for Sanctions (Doc. 76) be **GRANTED in part and DENIED in part**.  Specifically, it is **RECOMMENDED** that the Court: **DENY without prejudice** the Sygma Defendants' request for this case to be dismissed as a sanction for Plaintiff's conduct in discovery; **SANCTION** Plaintiff for his conduct in discovery and award the Sygma Defendants' attorneys' fees; and **GRANT** the Sygma Defendants' request to compel discovery and award them attorneys' fees and costs related to their Motion to Compel.  If the Court adopts this recommendation, it is further **RECOMMENDED** that that the Sygma Defendants be permitted to file a renewed motion to dismiss if Plaintiff does not comply with the Court's ruling compelling him to participate in discovery.

Further, Plaintiff's Second Motion to Compel Production of Documents (Doc. 77), and Plaintiff's Motions to Compel Payment of Expenses (Docs. 78, 79) are **DENIED**.

IT IS SO ORDERED.

Date:  September 11, 2020

/s/ Kimberly A. Jolson

KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE