IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION

MICHAEL ASAMOAH,

    Plaintiff,

v.

CAPSTONE LOGISTICS, LLC, *et al.*,

    Defendants.

Civil Action 2:19-cv-5292
Judge Sarah D. Morrison
Magistrate Judge Jolson

MICHAEL ASAMOAH,

    Plaintiff,

v.

THE SYGMA NETWORK, INC., *et al.*,

    Defendants.

Civil Action 2:19-cv-5507
Judge Sarah D. Morrison
Magistrate Judge Jolson

## OPINION AND ORDER

This matter is before the Court upon consideration of three matters.

### I.    Order and Report and Recommendation

First before the Court is an Order and Report and Recommendation (R&R) issued by the Magistrate Judge on September 11, 2020. (ECF No. 86 in 5292; ECF No. 103 in 5507.) In that filing, the Magistrate Judge recommended that the Sygma Defendants' Motion to Dismiss or to Compel Discovery and for Sanctions (ECF No. 76 in 5292 and ECF No. 92 in 5507) be **GRANTED** in part and **DENIED** in part. Specifically, she recommended that the Court: **DENY without prejudice** the Sygma

1

Defendants' request for this case to be dismissed as a sanction for Plaintiff's conduct in discovery; **SANCTION** Plaintiff for his conduct in discovery and award the Sygma Defendants' attorneys' fees; and **GRANT** the Sygma Defendants' request to compel discovery and award them attorneys' fees and costs related to their Motion to Compel. (ECF No. 86 in 5292; ECF No. 103 in 5507).

The time for filing objections has passed, and no objections have been filed. For the reasons set forth in the R&R, the Court hereby **ADOPTS** the R&R (ECF No. 86 in 5292; ECF No. 103 in 5507) as to ECF No. 76 in 5292 and ECF No. 92 in 5507.

Additionally, the R&R denied Plaintiff's Second Motion to Compel Production of Documents (ECF No. 77 in 5292; ECF No. 94 in 5507) and Plaintiff's Motions to Compel Payment of Expenses (ECF Nos. 78, 79 in 5292; ECF Nos. 93, 95, 96 in 5507.) No objections have been filed. For the reasons set forth in the R&R, the Court hereby **ADOPTS** the R&R (ECF No. 103) as to ECF Nos. 77-79 in 5292 and ECF Nos. 93-96 in 5507. Those motions are **DENIED**.

## II. Plaintiff's Motions to Compel and for Sanctions

Plaintiff's Final Motion to Compel Payment of Expenses (ECF No. 88 in 5292; ECF No. 105 in 5507) seeks an order requiring Defendants to pay him for his costs incurred in filing his motions to compel. Plaintiff's Final Motion to Compel Production of Documents (ECF No. 87 in 5292; ECF No. 106 in 5507) seeks an order compelling Defendants to respond to Plaintiff's discovery requests.

Plaintiff has previously filed these motions numerous times. *See* ECF Nos. 20, 30, 33, 34, 36, 38, 39, 41, 77, 78 and 79 in 5292; ECF Nos. 30, 33, 34, 36, 38, 39 and

2

55 in 5507. The Court has denied each one. *See* ECF Nos. 22, 48, 57 and 86 in 5292; ECF Nos. 57, 103 and 107 in 5507. For the reasons set forth in those orders, these motions are likewise **DENIED**. (ECF Nos. 87-88 in 5292; ECF No. 105-106 in 5507.)

### III.  Joint Motion for Summary Judgment

Also before the Court is the Joint Motion for Summary Judgment filed by all Defendants on September 4, 2020. (ECF No. 85 in 5292; ECF No. 102 in 5507). Plaintiff Asamoah has not responded to the Motion.

**A. Standard of Review**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of establishing there are no genuine issues of material fact, which may be achieved by demonstrating the nonmoving party lacks evidence to support an essential element of its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56). When evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

A genuine issue exists if the nonmoving party can present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as

3

to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339–40 (6th Cir. 1993). In other words, "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (concluding that summary judgment is appropriate when the evidence could not lead the trier of fact to find for the non-moving party). Even where, as here, "a motion for summary judgment is unopposed, a district court must review carefully the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014). *See also Smith v. Hudson*, 600 F.2d 60, 64–65 (6th Cir. 1979).

### B. Analysis

Plaintiff Asamoah asserts three claims against the Defendants: (1) an age discrimination claim in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*; (2) a race discrimination claim in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*; (3) disability discrimination in violation of the Americans with Disability Act, 42 U.S.C. § 12101, *et seq.*, and; (4) Infliction of Emotional Distress. (ECF No. 1 in 5292 and ECF No. 1 in 5507).

#### i. Plaintiff's Discrimination Claims

Where there is no direct evidence of discrimination, courts permit a plaintiff to use circumstantial and indirect evidence of discrimination in order to evaluate the claims. "The *McDonnell Douglas/Burdine* formula is the evidentiary formula applicable not only to claims brought under Title VII, but also claims under

ADEA …" and the ADA. *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir.1992) (internal citations omitted) (citing *In re Brantley,* 34 Ohio App.3d 320, 518 N.E.2d 602 (1987)); *see also Whitfield v. Tennessee*, 639 F.3d 253 (6th Cir. 2011) (applying *McDonnell Douglas* to an ADA claim). Therefore, Plaintiff's age, race, and discrimination claims can be analyzed together for purposes of the instant Motion.

In response to the Joint Motion for Summary Judgment, Plaintiff Asamoah has not presented direct evidence of discrimination. The next step is for the Court to apply the *McDonnell Douglas/Burdine* approach, with the burden on Plaintiff to establish a *prima facie* case of age discrimination. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981). A Plaintiff can establish a *prima facie* case of discrimination by showing: 1) he was a member of a protected class [because of age, race, and/or disability]; 2) he was terminated; 3) he was qualified for the position; and 4) he was replaced by a person outside of the class. *Simpson v. Midland–Ross Corp.,* 823 F.2d 937, 940 (6th Cir.1987) (applying *McDonnell Douglas* to the age discrimination context). The Plaintiff must establish this by a preponderance of the evidence. *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1159 (6th Cir.1990) (citing *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824). Then, if and only if the Plaintiff can establish a *prima facie* case, the burden shifts to the Defendant to "articulate some legitimate nondiscriminatory reason for the [termination]." *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824. "Finally, should the employer

Case: 2:19-cv-05292-SDM-KAJ Doc #: 89 Filed: 11/25/20 Page: 6 of 9  PAGEID #: 1573

carry this burden, the plaintiff then must prove by a preponderance of the evidence 'that the legitimate reasons offered by the [employer] were not its true reasons, but were a pretext for discrimination.'" *McDonald,* 898 F.2d at 1160 (quoting *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253, 67 L. Ed. 2d 207, 101 S. Ct. 1089 (1981)).

Despite the fact that the Joint Motion was filed more than two months ago, Plaintiff has not responded to the Motion. Nevertheless, the Court has carefully reviewed the portions of the record submitted by the moving parties to determine whether a genuine dispute of material fact exists. Considering all of this and the applicable law, there is no genuine issue of material fact. Defendants are entitled to judgment as a matter of law on Plaintiff's discrimination claims.

### ii. Plaintiff's Infliction of Emotional Distress Claim

In his Complaint in Case No. 2:19cv5507, Plaintiff Asamoah does not specify if his Infliction of Emotional Distress Claim is an intentional or negligent tort claim (ECF No. 1); in Case No. 2:19cv5292, he alleges that the conduct was intentional (ECF No. 1). However, as a general matter, Ohio law does not recognize a separate tort for negligent infliction of emotional distress in the employment context. *See*, *Dodge v. United States*, 162 F.Supp.2d 873, 879 (S.D. Ohio 2001) (Rice, CJ) (collecting cases). Accordingly, the Court will assume that Mr. Asamoah intended to

6

bring a claim for Intentional Infliction of Emotional Distress ("IIED") in both actions. The elements of such a claim are:

> (1) the defendant intended to cause emotional distress or knew or should have known that its conduct would result in serious emotional distress to the plaintiff;
> (2) defendant's conduct was outrageous and extreme and beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community;
> (3) defendant's conduct was the proximate cause of plaintiff's psychic injury; and
> (4) plaintiff's emotional distress was serious and of such a nature that no reasonable person could be expected to endure it.

*Talley v. Family Dollar Stores of Ohio, Inc.,* 542 F.3d 1099, 1110 (6th Cir. 2008) (quoting *Ekunsumi v. Cincinnati Restoration, Inc.,* 120 Ohio App.3d 557, 698 N.E.2d 503, 506 (1997)). Conduct giving rise to an IIED claim must be "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Long v. Ford Motor Co.,* 193 Fed.Appx. 497, 503 (6th Cir.2006) (quoting *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen & Helpers of Am.,* 6 Ohio St.3d 369, 453 N.E.2d 666, 671 (1983) (*overruled on other grounds* )). "[T]o say that Ohio courts narrowly define 'extreme and outrageous' conduct would be something of an understatement." *Baab v. AMR Servs. Corp.,* 811 F.Supp. 1246, 1269 (N.D. Ohio 1993).

Under Ohio law, an at-will employee may be terminated at any time for any lawful reason or for no reason at all. *Herrington v. DaimlerChrysler Corp.,* 262 F.Supp.2d 861, 864 (N.D. Ohio 2003) (citing *Mers. v. Dispatch Printing Co.,* 19 Ohio St.3d 100, 483 N.E.2d 150, 153 (1985)). An employee's termination, "even if based

7

upon discrimination, does not rise to the level of 'extreme and outrageous' conduct without proof of something more. If such were not true, then every discrimination claim would simultaneously become a cause of action for the intentional infliction of emotional distress." *Godfredson v. Hess & Clark, Inc.,* 173 F.3d 365, 376 (6th Cir. 1999) (applying Ohio law).

Plaintiff Asamoah has not supported his claim of IIED with any evidence that would allow the Court to find that the Defendants' conduct was outrageous or extreme. Considering the evidence submitted by the moving parties, it is clear that there is no genuine dispute of material fact. Defendants are entitled to judgment as a matter of law on Plaintiff's IIED claim.

## IV. CONCLUSION

The Court **ADOPTS** the September 11, 2020 R&R in full. (ECF No. 86 in 5292; ECF No. 103 in 5507.) As set forth above and in the R&R, Sygma Defendants' Motion to Dismiss or to Compel Discovery and for Sanctions is **GRANTED in part** and **DENIED in part**. (ECF No. 76 in 5292 and ECF No. 92 in 5507.) The Sygma Defendants are **ORDERED** to submit evidence of their attorney's fees and costs incurred related to their Motion to Compel; such evidence shall be submitted within 14 days of the date of this Order.

Furthermore, Plaintiff's Motions to Compel (ECF Nos. 87-88 in 5292; ECF Nos. 105-106 in 5507) are **DENIED**.

Also, based on the foregoing, Plaintiff Asamoah has failed to establish a genuine issue of material fact on any of his claims, and the Defendants are entitled

to judgment as a matter of law. Defendants' Joint Motion for Summary Judgment is

**GRANTED**. (ECF No. 85 in 5292; ECF No. 102 in 5507.)

      **IT IS SO ORDERED.**

                                                <u>s/ Sarah D. Morrison</u>
                                               **SARAH D. MORRISON**
                                               **UNITED STATES DISTRICT JUDGE**