IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ASAMOAH, | § | |
| Plaintiff, | § | Civil Action No. 2:19-CV-05292 |
| v. | § | Judge Sarah D. Morrison |
| CAPSTONE LOGISTICS, LLC, *et al*., | § | Magistrate Judge Kimberly A. Jolson |
| Defendants. | § | |
| MICHAEL ASAMOAH, | § | |
| Plaintiff, | § | Civil Action No. 2:19-CV-05507 |
| v. | § | Judge Sarah D. Morrison |
| THE SYGMA NETWORK INC., *et al*., | § | Magistrate Judge Kimberly A. Jolson |
| Defendants. | § | |

**OPINION & ORDER**

Plaintiff's Motions to Certify Order for Interlocutory Appeal (ECF Nos. 90, 91, 94, 95, 96 in case number 19cv-5292 and ECF Nos. 109, 110, 113, 114 in case number 19cv-5507), are ripe for review. The Court **DENIES** each for the reasons that follow.

**I.    STANDARD OF REVIEW**

Mr. Asamoah seeks an order allowing him to file an interlocutory appeal of the Court's November 25, 2020 Order (ECF No. 89) ("Order") under 28 U.S.C. § 1292(b). That section provides:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the

> ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

The court "may certify an order for interlocutory appeal if it is 'of the opinion' that three conditions exist: '[1] the order involves a controlling question of law to which there is [2] substantial ground for difference of opinion and . . . [3] an immediate appeal may materially advance the termination of the litigation.'" *In re Trump*, 874 F.3d 948, 950-51 (6th Cir. 2017) (quoting 28 U.S.C. § 1292(b)). Relief under Section 1292(b) is extraordinary, extreme, rare, and harsh. *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993); *see also Jackson v. City of Cleveland*, 219 F. Supp. 3d 639, 643 (N.D. Ohio 2016). Hence, "doubts regarding appealability . . . [should be] resolved in favor of finding that the interlocutory order is not appealable." *United States v. Stone*, 53 F.3d 141, 143-44 (6th Cir.1995) (citation omitted).

## II. DISCUSSION

Each motion takes issue with the Order. (ECF No. 89). The Order did three things. First, it fully adopted Magistrate Judge Jolson's September 11, 2020 Report and Recommendation denying without prejudice Defendant The Sygma Network, Inc.'s motion for dismissal, awarding Sygma its attorney's fees as a sanction for Mr. Asamoah's discovery conduct, and granting Sygma's motion to compel and awarding Sygma its attorney's fees for filing the motion to compel. Notably, Mr. Asamoah failed to object to the Report and Recommendation. Second, the Order denied Mr. Asamoah's motion to compel payment of expenses related to his motions to compel. Third, the Order granted the motion for full summary judgment of Defendants Capstone Logistics, LLC, Progressive Logistics, LLC and Sygma.

Mr. Asamoah first argues that the portion of the Order addressing discovery violated Federal Rule of Civil Procedure 37. The Order relates to Sygma's pending motion for attorney's fees. (ECF No. 92 in 19cv-5292, ECF No. 111 in 19cv-5507). "Pretrial discovery orders are generally not appropriate for interlocutory appeal." *McDonald v. Holder*, No. 09-CV-0573-CVE-TLW, 2010 U.S. Dist. LEXIS 134059, at *5 (N.D. Okla. Dec. 17, 2010) (citing *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 Fed. Appx. 810 (10th Cir. May 31, 2006)). This case falls under that general rule. Mr. Asamoah has not shown that the discovery rulings in focus involve a "controlling question of law to which there is [a] substantial ground for difference of opinion." Mr. Asamoah's Motions for Interlocutory Appeal based upon discovery are **DENIED**.

Mr. Asamoah also contests the portion of the Order granting the Defendants' Motions for Summary Judgment. Initially, the Court notes that Mr. Asamoah's motion is moot. Because the Court has already granted full summary judgment, there is no chance that "an immediate appeal would materially advance the termination of the litigation" and his motion is denied. Assuming, arguendo, that his motion is not moot, he argues that he "responded and objected to Defendants' Joint Motion for Summary Judgment" and that he "filed several motions informing the Court of his good faith effort to confer with opposing counsels [sic]." *Id.* at 2. But whether he did so is an issue for regular appeal. Mere disagreement with the Court's Order is not grounds for interlocutory appeal. Mr. Asamoah's Motions for Interlocutory Appeal based upon summary judgment are **DENIED**.

In sum, there is no controlling question of law as to which immediate appeal from the Order may materially advance ultimate termination of litigation. Certification of the Order for appeal pursuant to 28 U.S.C. § 1292(b) is not warranted.

### III. CONCLUSION

Mr. Asamoah's Motions to Certify are **DENIED**.

**IT IS SO ORDERED**.

s/Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**
