IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL ASAMOAH,

        Plaintiff,

  v.                                      Civil Action 2:19-cv-5292
                                            Judge Sarah D. Morrison
                                            Magistrate Judge Jolson

CAPSTONE LOGISTICS, LLC, et al.,

        Defendants.


MICHAEL ASAMOAH,

        Plaintiff,

  v.                                        Civil Action 2:19-cv-5507
                                            Judge Sarah D. Morrison
                                            Magistrate Judge Jolson

THE SYGMA NETWORK, INC.,

        Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendants The Sygma Network, Inc.'s and Sysco Corporation's (the "Sygma Defendants") Motion for Attorney Fees. (Doc. 92). The Motion is **GRANTED in part and DENIED in part**. Specifically, the Court lowers the requested fees of $10,649.00 by $2,662.25, for a total award of $7,986.75. Plaintiff is hereby **ORDERED** to pay this award within **thirty (30) days** of the date of this Opinion and Order.

    I.    **BACKGROUND**

Plaintiff Michael Asamoah used to work for Defendants Capstone Logistics, LLC and Progressive Logistics Services, LLC. (*See generally* Doc. 1). He alleges that during this employment—and while at one of Sygma Defendants' facilities—he suffered discrimination.

Over the past year, Plaintiff has filed four actions in this Court about these alleged allegations and other complaints he has against other former employers. *See Asamoah v. Amazon.com Servs., Inc.*, 2:21-cv-00003-ALM-EPD (S.D. Ohio); *Asamoah v. Capstone Logistics, LLC*, 2:20-cv-06590-SDM-KAJ (S.D. Ohio); *Asamoah v. Tigerpoly Mfg., Inc.*, 2:20-cv-05376-ALM-KAJ (S.D. Ohio); *Asamoah v. Amazon.com Servs., Inc.*, 2:20-cv-03305-ALM-EPD (S.D. Ohio). The Court has repeatedly reprimanded Plaintiff for failing to litigate his cases in good faith. For instance, in this case, he has filed numerous discovery-related motions in direct contravention of this Court's orders, the Federal Rules of Civil Procedure, and the Local Rules. (*See* Docs. 40, 46, 48). In those orders, the Court warned that sanctions would result if Plaintiff did not change course.

Yet, he did not. And, on July 31, 2020, the Sygma Defendants filed a Motion to Dismiss or to Compel Discovery and for Sanctions. (Doc. 76). In ruling on that motion, the Undersigned found that "Plaintiff ha[d] not demonstrated that his failure to comply [with discovery] was substantially justified . . ." and recommended that the Sygma Defendants be awarded attorneys' fees and costs in bringing their motion to compel. (Doc. 86 at 10). The Court then directed the Sygma Defendants to submit evidence supporting their request for costs and fees. (Doc. 89).

The Sygma Defendants timely did so, and the Motion for Attorney Fees (Doc. 92) is ripe for review.

2

## II. STANDARD

When determining reasonable attorneys' fees, "[i]t is well settled that the 'lodestar' approach is the proper method[.]" *Barrett v. Green Tree Serv.*, 214 F. Supp. 3d 670, 674 (S.D. Ohio 2016) (quoting *Bldg. Serv. Local 47 Cleaning Conts. Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995)). The lodestar approach considers "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). While there is a "strong presumption" that this lodestar figure represents a reasonable fee, *Ousley v. Gen. Motors Ret. Program for Salaried Emp.*, 496 F. Supp. 2d 845, 850 (S.D. Ohio 2006) (citing *Hensley*, 461 U.S. at 433), the movant bears the burden of proving that the number of hours expended and the rates claimed were reasonable, *Wilson v. Bridge Overlay Sys., Inc.*, No. 2:14-CV-156, 2016 WL 164056, at *1 (S.D. Ohio Jan. 14, 2016) (citing *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999)).

Important here, district courts have discretion "to adjust the [lodestar figure] upward or downward." *Hensley*, 461 U.S. at 434; *see also Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) ("Once the lodestar figure is established, the trial court is permitted to consider other factors, and to adjust the award upward or downward to achieve a reasonable result.") (citation omitted). Where the court lowers the award, it "should state with some particularity which of the claimed hours [it] is rejecting, which it is accepting, and why." *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997).

## III. DISCUSSION

The Sygma Defendants seek $10,649.00 in attorneys' fees for a total of 27.1 hours expended by four of their attorneys located in Dallas, Texas. (*See generally* Doc. 92-1). Defendants offer three arguments supporting their request. First, that as "out-of-town specialists,"

3

their lawyers are entitled to "out-of-town" rates, rather than the prevailing market rate in the relevant community. (Doc. 92 at 4). Next, that these rates are reasonable given their attorneys' skill, experience, and reputation. (*Id.*). Finally, that the hours expended—attempting to confer with Plaintiff, preparing their motion to compel, and preparing this motion for fees—are similarly reasonable. (*Id.*). Notably, Plaintiff does not dispute the reasonableness of the Sygma Defendants' request. Rather, he simply rehashes several previously rejected assertions that the Sygma Defendants have repeatedly failed to comply with the Court's requirements. (*See generally* Doc. 97).

### A. Out-of-Town Rate

The Sixth Circuit has acknowledged that counsel from outside the venue of the court of record "may be entitled to claim the rate of an 'out-of-town specialist.'" *Carty v. Metro. Life Ins. Co.*, No. 3:15-cv-01186, 2017 WL 660680, at *6 (M.D. Tenn. Feb. 17, 2017) (quoting *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995)). In evaluating such a request, a court must determine "(1) whether hiring the out-of-town specialist was reasonable in the first instance, and (2) whether the rates sought by the out-of-town specialist are reasonable for an attorney of his or her degree of skill, experience, and reputation." *Hadix*, 65 F.3d at 535 (citing *Chrapliwy v. Uniroyal, Inc.*, 670 F.2d 760, 768–69 (7th Cir. 1982) (noting that a court "has discretion to question the reasonableness of an out of town attorney's billing rate")). The Sygma Defendants bear the burden of "showing that it was necessary to resort to an out-of-town specialist." *Harkless v. Husted*, No. 1:06-cv-02284, 2011 WL 2149179, at *13 (N.D. Ohio Mar. 31, 2011).

The Sygma Defendants contend that because their lawyers "represent[] [them] nationwide and are thoroughly familiar with their businesses and processes . . . it was reasonable" for the Sygma Defendants to retain them as counsel in this matter. (Doc. 92 at 4). For support, the Sygma

Defendants offer the declaration of one of their lawyers, Michael Correll. (Doc. 92-1). Mr. Correll attests that his hourly rate of $520 is reasonable given his experience litigating complex employment matters such as this. (*Id*. at 2–3). Furthermore, Mr. Correll attests that the hourly rates of the other three attorneys involved—$380 for Modinat Kotun and $335 for Paul Knettel and Jessyka Linton—are similarly acceptable given their experience. (*Id*.).

In determining whether an out-of-town rate is appropriate, "the record should contain evidence that counsel made an 'attempt to investigate the availability of competent counsel in the local market.'" *Harkless*, 2011 WL 2149179, at *13 (quoting *Hadix*, 65 F.3d at 535). The measuring standard is good faith. *U.S. ex rel. Trakhter v. Prov. Serv., Inc.*, No. 1:11-cv-217, 2019 WL 2422422, at *3 (S.D. Ohio June 10, 2019) (finding defendants had not made a "good faith effort to identify local counsel" where they consulted only one other Ohio firm before retaining out-of-town counsel).

Here, there is nothing in the record showing that the Sygma Defendants made any attempt, good faith or otherwise, to investigate the availability of competent counsel in the local market. *See Hadix*, 65 F.3d at 535 (refusing to apply an out-of-town rate where "the record [was] devoid of any suggestion that local counsel made any attempt to investigate the availability of competent counsel in the local market . . . [and where] petitioner[']s [only] justif[ication] [was] pointing to her nationally recognized expertise [and] her familiarity with the case"); *see also Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (emphasis added) (stating that all fee applicants must produce "satisfactory evidence . . . *in addition to* the attorney's own affidavits" that their requested rates are reasonable). The only evidence offered here are the representations in the instant motion, the declaration and biography of Mr. Correll, and billing statements. (*See* Docs. 92-1, 92-2, 92-3, 92-4).

Without evidence, Defendants have not established the first prong of the test set forth in *Hadix*, that is, that hiring an out-of-state specialist in the first instance was reasonable. *See Harkless*, 2011 WL 2149179, at *15. So the Court must rely on its own experience and relevant caselaw to determine a reasonable hourly rate.

### B. Hourly Rate

In determining a reasonable hourly rate, "courts use as a guideline the prevailing market rate, defined as the rate that lawyers of *comparable skill and experience* can reasonably expect to command within the venue of the court of record." *Geier*, 372 F.3d at 791 (emphasis added) (citing *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000)). Specifically, regarding a request for attorneys' fees, "the primary concern is that the fee awarded be 'reasonable.'" *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir.1999)). "A reasonable fee is 'adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers.'" *Id.* (quoting *Geier*, 372 F.3d at 791). As the Sixth Circuit has explained, "[a] district court may look to a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Van Horn v. Nationwide Pro. & Cas. Ins.*, 436 F. App'x 496, 499 (6th Cir. 2011).

Sygma Defendants' lawyers' hourly rates, between $335 and $520, are above the rates this Court generally approves. *See, e.g. McCarthy v. Ameritech Pub., Inc.*, 289 F.R.D. 258, 263 (S.D. Ohio 2013), *aff'd in part and rev'd in part by McCarthy v. Ameritech*, 763 F.3d 488 (6th Cir. 2014) (approving hourly rates ranging from $200 to $280 in an age discrimination case); *Stanich v. Hissong Grp. Inc.*, No. 2:09-cv-0143, 2010 WL 3732129, at *12 (S.D. Ohio Sept. 20, 2010) (finding that "$200 is a reasonable hourly rate for a lead attorney on an employment discrimination

6

case"); *Lee v. Javitch, Block & Rathbone, LLP*, 568 F. Supp. 2d 870, 875 (S.D. Ohio July 30, 2008) (approving hourly rates ranging from $250 to $265 in an employment discrimination case).

Also relevant is the Ohio State Bar Association's ("OSBA") 2019 Economics of Law Practice in Ohio Survey. *See Burgess v. Powers*, No. 1:05-cv-089, 2006 WL 8441744, at *4 (S.D. Ohio Dec. 22, 2006) (relying upon OSBA's 2004 Economics of Law Practice in Ohio survey to define a reasonable hourly rate in the legal community). According to that survey, the mean hourly billing rate for an Ohio employment lawyer in 2019 was $279, while the mean hourly billing rate for Ohio attorneys generally was $250. *See The Econ. of Law Practice in Ohio in 2019*, Ohio State Bar Association at 44–45.

Upon consideration of relevant caselaw, the OSBA survey, and its own knowledge and experience, the Court finds that an across-the-board reduction of 25% to all hourly rates is appropriate. *See Morse v. Specialized Loan Serv.*, No. 2:16-cv-689, 2018 WL 1725693, at *3 (S.D. Ohio Jan. 25, 2018) (citing *Szeinbach v. Ohio State Univ.*, No. 2:08-CV-822, 2017 WL 2821706, at *5 (S.D. Ohio June 30, 2017)) (recommending an across-the-board reduction of 20% in all hourly rates when plaintiff's hourly rates requested were unreasonable).

### C. Hours Expended

Next, the Court must determine whether the number of hours expended is reasonable. *Satgunam v. Basson*, No. 1:12-CV-220, 2017 WL 3634014, at *4 (W.D. Mich. Aug. 24, 2017). Although courts must exclude from the lodestar calculation hours that were not reasonably expended, "[c]ourts are not required to act as 'green-eyeshade accountants' and 'achieve auditing perfection.'" *Szeinbach*, 2017 WL 2821706, at *2 (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011). Rather, courts must simply do "rough justice." *Id*. (quoting *Fox*, 563 U.S. at 838).

Defendants seek fees and expenses for time spent attempting to confer with Plaintiff, preparing their motion to compel, and preparing this motion for fees. (*See generally* Doc. 92). Specifically, their lawyers spent: 2 hours attempting to confer with Plaintiff and to file a joint status report, 18.2 hours drafting the motion to compel, and 6.9 hours drafting this motion. (Doc. 92-1 at 4–5). For support, Defendants attach several billing statements detailing the specific work performed. (*See* Docs. 92-3, 92-4).

"Reviewing the hours expended on the litigation, the Court [] finds that the attorneys' time is supported by detailed descriptions of the attorneys' effort, and appear to this Court to be time reasonably expended in the matter." *Carroll v. United Compucred Collections, Inc.*, No. 1:99-00152, 2008 WL 3001595, at *4 (M.D. Tenn. July 31, 2008); *see also Stryker Corp. v. Ridgeway*, Nos. 1:13–cv–1066–RHB, 1:14–cv–0889–RHB, 2015 WL 3969816, at *6 (W.D. Mich. June 30, 2015) (finding the following hours expended reasonable: 8 hours related to the meet and confer requirement; 17.6 hours drafting the motion to compel; and 13 hours preparing the fee application).

## IV. CONCLUSION

In sum, the Court **REDUCES** the $10,649.00 in attorneys' fees sought by Sysco Defendants by $2,662.25 in light of the appropriate local hourly rate. Accordingly, the Motion for Attorney Fees (Doc. 92) is **GRANTED in part and DENIED in part** for a total award of $7,986.75 in attorneys' fees. Plaintiff is hereby **ORDERED** to pay this amount within **thirty (30) days** of the date of this Opinion and Order.

IT IS SO ORDERED.

Date: February 8, 2021　　　　　　　　　　/s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE